# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **ORDER** |
| v. | |
| **JOSE ALBERTO GASTELUM, and RAMIRO HERNANDEZ-GARCIA** | **Case No. 2:05CR825DAK** |
| Defendant. | |

This matter is before the court on several pre-trial motions: 1) Defendants' motions for disclosure of the identity of the confidential informant; 2) the government's motion in limine pursuant to Federal Rule of Evidence 801 to allow testimony as to the steps in the investigation; 3) Defendant Gastelum's motion for notice of intent to use 404(b) evidence; 4) Defendant Gastelum's motion for supplemental discovery; and 5) the government's motion for discovery. The court held a hearing on these motions on May 10, 2006. At the hearing, the government was represented by John Huber, Defendant Gastelum was present and represented by Lynn Donaldson, and Defendant Hernandez-Garcia was present and represented by Colleen Coebergh. The court took the matter under advisement. Based on the arguments of the parties and the facts and law relevant to these motions, the court renders the following Order.

**DISCUSSION**

**Defendants' Motions for Disclosure of Confidential Informant**

Defendants assert that the identity of the confidential informant is essential to their preparation for trial and to their defenses.  "Due to the strong public interest in furthering effective law enforcement, the government enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts." *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992).  In balancing the public's interest against an individual's right to prepare his defense, there may be occasions when disclosure of an informant's identity is appropriate.  *See id.*; *Rovario v. United Sates*, 353 U.S. 53, 61 (1957).  "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."  *Rovario*, 353 U.S. at 60-61.

There is "no fixed rule" as to when disclosure of an informant's identity is justifiable.  *Id.* at 62.  When balancing the interests involved, the court must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."  *Id.* at 62.  "The materiality of [a confidential informant's] possible testimony must be determined by reference to the offense charged . . . and the evidence relating to that count."  *Id.* at 62-63.

In this case, the CI was involved in three previous controlled buys from Defendants which are not charged conduct.  The CI introduced the undercover officer, Detective Cutler, to Defendants and participated in two controlled buys with Detective Cutler.  On the date of the charged offenses, November 3, 2005, the CI and Detective Cutler called Hernandez-Garcia or

2

Gastelum.  The CI explained that he was having problems with his phone and the defendant should talk directly with Cutler.  From that point on, the officers intentionally and completely severed the CI from involvement in the undercover operation.

Over the course of several phone conversations between Cutler and the Defendants, they agreed on a location and time to meet, on the quantity of the drugs, and the purchase price.[1]  At the agreed upon time, Cutler went alone to meet Defendants, who arrived together in a car.  Cutler entered the car and exchanged $3,500.00 for approximately 6 ounces of methamphetamine.  The driver was Gastelum and the passenger was Hernandez-Garcia.  The CI was not present at the scene.  He had discontinued any involvement in the operation after the first telephone call was made.

The Tenth Circuit has "consistently ruled that where the information sought 'would be cumulative,' or where the informer did not participate in the illegal transaction, disclosure is not required."  *Mendoza-Salgado*, 964 F.2d at 1000.  "Nor must the government supply the defendant with information about an informer when the individual introduces suspected traffickers to narcotics agents."  *Id.*

The government does not intend to call the CI as a witness because he had no involvement in the controlled buy that constitutes the charged conduct.  With respect to the charged conduct, the CI's actions constituted nothing more than introducing Cutler to

---

[1]     Defendant Hernandez-Garcia alleges that the CI was the person who negotiated the final controlled buy, but the government asserts that the evidence is to the contrary.  The court does not have the discovery before it.  However, it assumes that the government is aware of how the testimony will come in at trial.  Should the testimony at trial deviate from that represented by the government in these motions, the court will revisit the necessity of testimony from the CI.

Defendants.  The only information the government intends to obtain from Detective Cutler at trial regarding the CI is the fact that the CI introduced Cutler to Defendants.  Although the CI may have information about the previous controlled buys, they are not part of the charged offense.  To the extent that they intertwined with the charged conduct, Detective Cutler can testify as to two of the previous controlled buys.  The government plans to introduce limited evidence from Cutler of the fact that the two controlled buys in which he participated occurred in order to provide background as to why they set up the controlled buy that constitutes the charged conduct.  It is not necessary to examine both Cutler and the CI with respect to the two previous transactions.  The evidence from the CI would be merely cumulative.  Testimony with respect to the controlled buy in which only the CI participated is unnecessary background information.  Moreover, Cutler formed his own relationship with Defendants and does not need information from the CI in order to identify Defendants.  The government is also not planning to admit information from the CI as to the possession of firearms by Defendants on previous occasions.

Defendants have not claimed any specific defense for which the CI's identity or information would be essential.  Gastelum argues that he may assert as a defense that he was merely giving Hernandez-Garcia a ride.  However, he does not make a connection between that defense and the necessity for testimony from the CI.  The Tenth Circuit has held that "'mere speculation about the usefulness of an informant's testimony' is not sufficient to warrant disclosure."  *Id.* at 1001.  Defendants have not identified any relevant information the CI would have with respect to the final controlled buy that is charged in this case.  When the CI stated to Defendants that he had telephone problems, he was severed from the operation and all of the negotiations for the transaction were done by Cutler.  Therefore, the court concludes that there is

no basis for disclosure of the CI's identity.

**U.S.'s Motion in Limine under FRE 801 to Allow Testimony as to Steps in Investigation**

While the government's written brief on this issue sought to introduce a fairly substantial amount of information regarding the investigation of Defendants obtained from other officers and witnesses, at the hearing on these motions, the government limited the information it seeks to introduce to the fact that the CI introduced Cutler to Defendants.  Although the evidence is now extremely limited, Defendant Gastelum continues to assert that this evidence is hearsay, violates the Confrontation Clause, and is more prejudicial than probative.  Defendant Hernandez-Garcia did not file an opposition to the government's motion in limine.  However, he did address confrontation clause issues with respect to his motion for disclosure of the CI.

The Tenth Circuit has held that testimony which is not offered to prove the truth of an out-of-court statement, but is offered instead for relevant context or background, is not considered hearsay.  *United States v. Freeman*, 816 F.2d 558 (10th Cir. 1987).  "[O]ut of court statements are not hearsay when offered for the limited purpose of explaining why a government investigation was undertaken.  In this context, we held that the statements are offered not to prove the truth of the matter asserted, but rather to explain the preparations and steps in the investigation."  *United States v. Wilson*, 107 F.3d 774, 780-81 (10th Cir. 1997).

The government argues that it intends to offer testimony from Cutler alluding to information he received from the CI to explain why the officers conducted controlled buys with Defendants.  It is clear under Tenth Circuit law that testimony offered for the limited purpose of explaining why an investigation was undertaken, rather than to prove the truth of the matter asserted, is not hearsay.  The government is no longer seeking to introduce evidence regarding

Defendants' previous possession of firearms or information from the CI with respect to previous controlled buys.

The main case Defendant Gastelum relies on to assert that any testimony regarding the CI violates the Confrontation Clause is *United States v. Cromer*, 389 F.3d 662, (6th Cir. 2005), a case decided after *Crawford v. Washington*, 541 U.S. 36 (2004). "*Crawford* held that when testimonial, out-of-court statements of an unavailable declarant are offered to prove the truth of the matter asserted, the admission of those statements violates the Confrontation Clause unless the defendant has had an opportunity to cross-examine the declarant." *Cromer*, 389 F.3d at 676-77.

Gastelum argues that this court should follow *Cromer* and he implies that the Tenth Circuit cases determining that background information is not hearsay would not withstand the dictates of *Crawford*. But in *Cromer*, the court recognized that "[e]ven if testimonial statements of an out-of-court declarant were revealed by [background testimony of an undercover officer], Cromer's confrontation right was not implicated because the testimony was provided merely by way of background." *Id.* at 676 (citing *United States v. Martin*, 897 F.2d 1368, 1371-72 (6th Cir. 1990) (finding Confrontation Clause not implicated where assertions not offered for their content, but merely to explain why government commenced investigation)). The *Crawford* court explained that "[t]he Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" *Id.* (quoting *Crawford*, 124 S. Ct. at 1369 n.9).

The officer's testimony at issue in *Cromer* was divided into three categories. The first category of testimony was the background testimony explaining why the officers began their

6

investigation.  The court found that this testimony was not hearsay and did not implicate the

Confrontation Clause.  The testimony included: "Q.  Were you in charge of the investigation that

led to charges against Sean Cromer?  A.  Yes.  Q.  What was your role in that?  A.  My partner

and I, Officer Galloway, back in January of 2001, had information about 3284 Buchanan.  And

we began an investigation about this residence being associated with selling drugs.  Q.  By

investigating the place, did you come up with enough information that a state court judge gave

you an order to go and have the place searched?  A. Yes."  *Id.*  The *Cromer* court acknowledged

that this testimony "at least arguably did not even put before the jury any statements made by the

CI," and that "[a]ny out-of-court statements alluded to by [the officer] at this juncture served the

purpose of explaining how certain events came to pass or why the officers took the actions they

did."  *Id.*  "Because the statements were not offered to establish the truth of the matter asserted,

the Confrontation Clause does not apply."  *Id.*

The *Cromer* court's analysis of whether certain evidence was being offered for the truth

of the matter asserted or merely as background to explain why the officers took the actions they

took, is consistent with the analysis of the Tenth Circuit cases relied upon by the government.

The Tenth Circuit recognizes that background evidence cannot be voluminous and becomes

inadmissible hearsay if it points directly at the defendant and his guilt in the crime charged.

*United States v. Cass*, 127 F.3d 1218, 1223 (10th Cir. 1997).  In *Cass*, the court cautioned against

admitting background testimony that goes precisely to the issue the government is required to

prove.  *Id.*  The touchstone of these cases is that the court must determine whether the testimony

is being used for the truth of the matter asserted or being used to demonstrate why certain action

was taken by the police.  *Crawford* did not change this analysis.

Unlike the appellate court decisions that involve transcripts of testimony that has already been presented, this court is faced with determining whether the testimony anticipated by the government is admissible. The court obviously cannot know the exact questions or responses that will be given. Nonetheless, based on the representations by the government with respect to the testimony it seeks to introduce, the court finds that background testimony, which explains why the officers began their investigation and does not implicate Defendants' guilt with respect to the charged conduct, is not hearsay and does not implicate the Confrontation Clause.

In *Wilson*, the court also found that an officer could testify as to his own observations of the interaction between the confidential informant and the defendant because they were the officer's own observations and were not statements made by someone other than the declarant. 107 F.3d at 780-81. Therefore, to the extent that Cutler has first-hand observations from the controlled buys which may involve the confidential informant, such statements are not hearsay because they are Cutler's own personal knowledge.

Furthermore, as long as the testimony is not being offered to implicate Defendants' guilt and is being used to explain the context for the investigation leading to the charged conduct, such information is not prejudicial to Defendants. Accordingly, there is also no basis for excluding such evidence under FRE 403.

## Notice of Intent to Use 404(b) Evidence

The parties have not filed a motion or briefed any disputes regarding the admission of evidence under Federal Rule of Evidence 404(b). Gastelum has only filed a notice requesting that the government notify him if it intends to present any evidence under FRE 404(b). At the motion hearing, however, the government indicated that the parties had a fundamental

disagreement as to whether there was any 404(b) evidence and the parties presented their respective positions on the issue.

The government asserts that the two previous controlled buys are inextricably intertwined with the charged conduct and do not constitute extrinsic evidence under FRE 404(b).  Gastelum, however, contends that the controlled buys are separate, prior bad acts that should be excluded as inadmissible character evidence that impermissibly suggests that he had a propensity to commit the crimes for which he was indicted.

Rule 404(b) forbids the use of other bad acts to prove the character of the defendant and to show the defendant acted in conformity with his or her character, but it may be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.  Fed. R. Evid. 404(b).  "Other bad acts" means acts that are not part of the events giving rise to the present charges.  *United States v. Record*, 873 F.2d 1363, 1372 n. 5 (10th Cir.1989).  But acts intrinsic to or intertwined with the charged acts are not Rule 404(b) acts. *See id.*  "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir.) (quotation marks and citation omitted), *cert. denied*, 510 U.S. 926, 114 S. Ct. 333, 126 L. Ed. 2d 278 (1993).  Furthermore, the Tenth Circuit has instructed that "'[a]n uncharged act [is not] extrinsic if it was . . . 'inextricably intertwined' with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act.'" *United States v. DeLuna*, 10 F.3d 1529, 1532 (10th Cir.1993) (quoting *Record*, 873 F.2d at 1372 n.5).

In *United States v. Armour*, 112 Fed. Appx. 678 (10th Cir. 2004), the Tenth Circuit found an officer's two prior interactions with the defendant to be evidence inextricably intertwined with the charged conduct.  In *Armour*, the officer first observed a suspected drug trafficker engaging in street sales of crack from a car being driven by the defendant.  *Id.* at 679.  The detective next encountered the defendant when he arrested the suspected drug trafficker, seized the car she had been in at the time, and defendant came to reclaim the vehicle from the police.  *Id.*  The defendant was arrested on drug charges when the police searched the apartment of the suspected drug trafficker, defendant was in the apartment, and the officers found large quantities of drugs.  *Id.* at 680.  The court found the two prior encounters inextricably intertwined with the drug charges against the defendant.  *Id.*

In *United States v. Collins*, 97 Fed. App. 818 (10th Cir. 2004), the court allowed testimony of prior methamphetamine-dealing activities on the grounds that they were inextricably intertwined with the conspiracy charged.  The court reasoned that although they were outside of the time frame charged, that did not "preclude the existence of an uncharged conspiracy or putative conspiracy prior to the charged term."  *Id.* at 824.  The court found that the prior acts "clarified and completed for the trial jury the picture of the interrelationship of the conspirators."  *Id.*  The "evidence was offered 'to prove the beginning stages of the conspiracy, how it developed, and how it continued.'" *Id.* at 825.  "Viewed in this light, prior acts were admissible as 'preliminary to the crime charged.'" *Id.*

However, in *United States v. Cerpa*, 232 F.3d 902, 2000 WL 1570464 (10th Cir. 2000), the court found that although previous drug sales that the defendant had made to the government's chief witness were similar to the crime charged, they were not intrinsically

intertwined with the charged conduct. *Id.* at *2. The court found that the prior sales were not the "sort of logical precursor indicated by 'necessary preliminaries." *Id.* Nor were the prior sales "preparations, planning, or initial steps in the events of [the charged sale]; they were instead merely similar transactions and relationships among the actors who happened to be involved in the sale [charged]." *Id.* The court explained that "[w]hile the testimony concerning prior sales provide context for the transaction [charged] and [defendant's] alleged role, [the officer's] testimony would not be incomplete or confusing without it. The tale is coherent without mention of the prior sales." *Id.* Accordingly, the court considered the prior sales to be evidence subject to the requirements of Rule 404(b).

Although the issue is a very close call, the court concludes that this case is more similar to *Cerpa.* The sale that constitutes the charged crime could be adequately described without reference to the prior sales. Officer Cutler's testimony would not be confusing or incomplete without reference to the prior sales. Therefore, the admissibility of evidence with respect to the prior sales is governed by Rule 404(b).

In determining the admission of such evidence, the Tenth Circuit applies a four-part test examining whether: (1) the prosecution offered the evidence for a proper purpose under Rule 404(b); (2) the evidence is relevant under FRE 401; (3) the evidence's probative value is not substantially outweighed by its potential for unfair prejudice under FRE 403; and (4) the district court, upon request, gave a proper instruction limiting the jury's consideration of the evidence to the purpose for which it was admitted. *United States v. Segien*, 114 F.3d 1014, 1022-23 (10th Cir.1997) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

Here, the testimony of prior sales is being offered for a proper purpose. In evaluating the

relevance of prior narcotics involvement in a subsequent narcotics case, the Tenth Circuit has noted that prior narcotics involvement is relevant when that conduct is "close in time, highly probative, and similar to the activity with which the defendant is charged." *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir.1997).  In *Wilson*, the court allowed an officer to testify as to his previous associations with Defendants for purposes of identification. 107 F.3d at 782.  The court held that "[b]ecause 'identity' is one of the purposes for which evidence can be admitted under Rule 404(b), . . . the evidence was properly admitted to show that the officers could identify [defendant]."  *Id.*

The prior sales involving Detective Cutler took place sufficiently close in time. The sale involved the similar conduct making the evidence highly probative of Defendants' knowledge and intent.  The prior sales also demonstrate a pattern of sales.  Moreover, the court finds the evidence highly probative and its probative value is not substantially outweighed by the danger of unfair prejudice.  The court will give an appropriate limiting jury instruction explaining to the jury that the evidence can only be considered for the purposes for which it is being admitted. Therefore, the court concludes that the evidence of the two prior sales is governed by and admissible under Rule 404(b).  The government shall provide notice to Defendants that the evidence will be offered.

### Motion for Supplemental Discovery

Gastelum moves for the following discovery:

1. A copy of the CI agreement between the CI and ATF and any other supervising law enforcement agencies;

2. Any benefit provided to the CI for his or her work with the supervising law

enforcement agency;

    3.  A copy of the supervising law enforcement agency's rules or regulations governing the supervision of informants;

    4.  The criminal record of the confidential informant;

    5.  Any reports of law enforcement officers, including handwritten notes, relating to the arrangement or the alleged consummation of the drug transaction on November 3, 2005.

    Gastelum acknowledged at the hearing that the government has supplemented its discovery with respect to the material sought in Paragraph 5 and provided such to Gastelum. The government opposes the remaining discovery requests on the grounds that the CI is not a witness in this case.  In citing *Brady* and *Giglio*, Gastelum appears to be seeking impeachment material for the CI.   However, the CI has no personal knowledge of the facts and circumstances surrounding the drug transaction and will not testify.  Therefore, the requested information is irrelevant.

### Government's Motion for Discovery

    The government also filed a general motion for discovery from Defendants pursuant to Federal Rule of Criminal Procedure 16(b).  The government indicted that it has not received any discovery from Defendants.  The government is clearly entitled to such discovery under the dictates of Rule 16(b)(1).  To the extent that Defendants have such materials, they shall timely inform the government and provide access to such materials.

    DATED this 16th day of May, 2006.

DALE A. KIMBALL
United States District Judge